UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, an Ohio corporation, and COASTAL SELECT INSURANCE COMPANY, a California corporation, a/s/o of Thomas Schmitt,<br><br>    Plaintiffs,<br><br>    v.<br><br>TIFFIN MOTOR HOMES, INC., an Alabama Corporation, CUMMINS INC., an Indiana Corporation, and DAIMLER TRUCKS NORTH AMERICA LLC, a Delaware Corporation,<br><br>    Defendants. | Case No. 3:17-cv-00405-BLW<br><br>**ORDER** |

## INTRODUCTION

Pending before the Court is Defendant Tiffin Motor Homes Inc.'s Motion to Compel Discovery Responses from Defendant Daimler Trucks North America, LLC (Dkt. 56). Having reviewed the parties' briefing, as well as the record in this case, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## BACKGROUND

On September 28, 2017 Plaintiffs Progressive Special Insurance Company and Coastal Select Insurance Company filed a complaint for damages arising out of an RV

fire. Dkt. 1. On February 8, 2018, Plaintiffs served their first set of requests for production ("RFPs") on Daimler. *See* Dkts. 56, 57. On March 14, 2018 Daimler objected to Plaintiffs' RFPs, including to RFPs 5 and 17, on the grounds of overbreadth and irrelevance. *Id.* Nevertheless, Daimler produced documents responsive to these requests on March 19, 2018, and again on May 10, 2018. *Id*. Discovery closed in this case on September 7, 2018, and the dispositive motion deadline passed on October 22, 2018. *See* Dkt. 45.

On November 28, 2018, Defendant Tiffin sent its first meet-and-confer letter to Defendant Daimler regarding Daimler's responses to Plaintiffs' RPFs, specifically RFP Nos. 5 and 17. *See* Dkt. 56. On January 18, 2019, the parties engaged in a mediation with the Court to try to resolve their discovery dispute. *See* Dkt. 52. The parties could not reach an agreement, and Defendant Tiffin filed a Motion to Compel Discovery Responses from Defendant Daimler Trucks North America on February 6, 2019. Dkt. 56.

## ANALYSIS

**1. Tiffin Lacks Standing to Enforce Plaintiffs' Requests for Production**

Motions to compel responses to requests for production are governed by Rule 37 of the Federal Rules of Civil Procedure. As a threshold matter, the party pursuing a motion to compel must have standing to bring the motion. *Payne v. Exxon Corp.*, 121 F. 3d 503, 510 (9th Cir. 1997) ("Only 'the discovering party'... may bring a motion to compel."); *see also Loop AI Labs v. Gatti*, No. 15-cv-00798-HSG (DMR), 2016 WL 4474584 at *8 (N.D. Cal. Aug. 25, 2016) ("under Rule 37(a) ... a party lacks standing to move to compel answers to a different party's discovery requests").

ORDER - 2

The parties do not dispute that Plaintiffs, not Defendant Tiffin, propounded the requests for production at issue in this motion to compel. *See* Dkts. 56, 57. Both the Ninth Circuit and the plain language of Rule 37 make clear that only the "party seeking discovery" has standing to move to compel compliance with a discovery request. Fed. R. Civ. Pro. 37(a)(3)(B); *Payne* 121 F. 3d at 510. Defendant Tiffin nevertheless seeks to compel co-Defendant Daimler to respond to *Plaintiffs'* RFPs under Rule 37(a)(3)(B). *See* Dkt. 56. Rule 37 and the Ninth Circuit make clear that Tiffin lacks standing to do so. Furthermore, Tiffin has failed to point to any federal court that has compelled discovery on behalf of a party that did not issue the discovery request. *See generally* Dkt. 56. Accordingly, the Court will deny Defendant Tiffin's motion to compel because it lacks standing to enforce another party's discovery requests.

2. **Tiffin's Motion is Untimely**

Tiffin's motion to compel is also untimely. Other district courts within the Ninth Circuit have regularly denied motions to compel when those motions were filed after the close of discovery. *See, e.g. Pac. Marine Ctr., Inc. v. Philadelphia Indem. Ins. Co.*, No. 1:13-cv-00992-DAD-SKO, 2016 WL 110291, at *4 (E.D. Cal. Jan. 11, 2016) (denying motion to compel filed three months after the close of discovery and after motions for summary judgment had been filed); *Skinner v. Ryan*, No. CV-09-2152-PHX-SMM (LOA), 2010 WL 4602935 (D. Ariz. Nov. 5, 2010) (motion to compel filed over three months after the deadline for bringing discovery disputes to the court's attention denied as untimely); *Christmas v. MERS*, No. 2:09-cv-01389-RLH-GWF, 2010 WL 2695662 (D.

Nev. July 2, 2010) (denying motion to compel filed after deadline for discovery and dispositive motions as untimely).

In *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D. Tex. 2006), the court engaged in a comprehensive analysis of cases throughout the federal judiciary, and ultimately identified eight factors that district and appellate courts have considered in analyzing the timeliness of a motion to compel: (1) the length of time since expiration of the deadline; (2) the length of time the moving party has known about the discovery; (3) whether the discovery deadline has been previously extended; (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom the discovery is sought; and (8) disruption of the court's schedule. *Days Inn*, 237 F.R.D. at 398.

Looking to the *Days Inn* factors, the Court reaches the inescapable conclusion that Tiffin's Motion is untimely. Tiffin filed its motion to compel almost five months after the close of discovery; it knew or should have known about Daimler's allegedly deficient discovery back in May, 2018. It is also months past the dispositive motion deadline, this case began almost a year and a half ago, and Tiffin has not argued convincingly that it is unfairly prejudiced by the Court denying this motion to compel. Finally, compelling discovery would disrupt the administration of this litigation, which the Court refuses to do at this late stage of the game.

**ORDER**

IT IS HEREBY ORDERED:

**ORDER - 4**

1. Defendant Tiffin Motor Homes Inc.'s Motion to Compel Discovery Responses from Defendant Daimler Trucks North America, LLC (Dkt. 56) is DENIED.

DATED: February 27, 2019

B. Lynn Winmill
U.S. District Court Judge